UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:    SHAF HOME BUILDERS, INC.    §    Case No. 08-00050
§
§
Debtor(s)    §

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that <u>GLENN R. HEYMAN</u>, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

219 S. Dearborn Street, Chicago, IL 60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 20 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 10:00am on 12/01/2009 in Courtroom 744, United States Courthouse Courthouse, 219 S. Dearborn Street, Chicago, IL 60604. If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: <u>10/28/2009</u>    By:    <u>/s/GLENN R. HEYMAN</u>
Trustee

GLENN R. HEYMAN
135 S. LaSalle Street, #3705
Chicago, IL 60603

UST Form 101-7-NFR (9/1/2009)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: SHAF HOME BUILDERS, INC. | § | Case No. 08-00050 |
| | § | |
| | § | |
| Debtor(s) | § | |

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

*The Final Report shows receipts of*      $ 25,009.67

*and approved disbursements of*      $ 559.98

*leaving a balance on hand of* [1]      $ 24,449.69

Claims of secured creditors will be paid as follows:

*Claimant*                                              *Proposed Payment*
                        N/A

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| | *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|---|
| Trustee | GLENN R. HEYMAN | $ 3,250.97 | $ |
| Attorney for trustee | Crane, Heyman, Simon, Welch & Clar | $ 14,037.00 | $ 232.41 |
| Appraiser | | $ | $ |
| Auctioneer | | $ | $ |
| Accountant | Popowcer Katten, Ltd. | $ 1,268.50 | $ |
| Special Attorney for trustee | | $ | $ |
| Charges, | U.S. Bankruptcy Court | $ 510.00 | $ |
| Fees, | United States Trustee | $ | $ |
| Other | | $ | $ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

*Reason/Applicant*                *Fees*                *Expenses*

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-NFR (9/1/2009)**

*Attorney for debtor* _____ $_____ $_____
*Attorney for* _____ $_____ $_____
*Accountant for* _____ $_____ $_____
*Appraiser for* _____ $_____ $_____
*Other* _____ $_____ $_____

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

*Claim Number   Claimant                           Allowed Amt. of Claim   Proposed Payment*
                              N/A

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 46,630.27 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 11.0 percent.

Timely allowed general (unsecured) claims are as follows:

*Claim Number   Claimant                           Allowed Amt. of Claim   Proposed Payment*
____1_____   Millennium Events Corp_____   $_____46,630.27   $_____5,150.81

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

*Claim Number   Claimant                           Allowed Amt. of Claim   Proposed Payment*

UST Form 101-7-NFR (9/1/2009)

N/A

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

*Claim Number    Claimant                          Allowed Amt. of Claim    Proposed Payment*

N/A

The amount of surplus returned to the debtor after payment of all claims and interest is $0.00.

UST Form 101-7-NFR (9/1/2009)

Prepared By: /s/GLENN R. HEYMAN
Trustee

GLENN R. HEYMAN
135 S. LaSalle Street, #3705
Chicago, IL  60603

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-NFR (9/1/2009)**

# CERTIFICATE OF NOTICE

```
District/off: 0752-1           User: cgreen                 Page 1 of 1                   Date Rcvd: Oct 30, 2009
Case: 08-00050                 Form ID: pdf006              Total Noticed: 9

The following entities were noticed by first class mail on Nov 01, 2009.
db           +Shaf Home Builders, Inc.,   6321 W. Dempster Street #222,   Morton Grove, IL 60053-2848
aty          +John E Gierum,   Gierum & Mantas,   9700 W Higgins Rd, Ste 1015,   Rosemont, IL 60018-4712
tr           +Glenn R Heyman, ESQ,   Crane Heyman Simon Welch & Clar,   135 S Lasalle Ste 3705,
               Chicago, IL 60603-4101
12877338      Gardiner Koch Weisberg Wrona,   c/o Thomas G Gardiner,   Gardiner Koch Weisberg Wrona,
               53 W. Jackson, Ste 950,   Chicago, IL 60604
11848064     +Gierum & Mantas,   9700 West Higgins Road Suite 1015,   Rosemont, IL 60018-4712
12880152     +Millennium Events Corp,   Louis S Vasta,   742 N LaSalle St #500,   Chicago, IL 60654-8765
11848065      Millennium Events Corporation,   C/O Gardiner Koch & Weisberg,   53 W. Jackson Blvd. #950,
               Chicago, IL  60604
11848066     +Randall Shaf,   2020 Victoria,   Mundelein, IL 60060-1473
11848063     +Shaf Home Builders Inc,   6321 W Dempster Street,   Suite 222,   Morton Grove, IL 60053-2848

The following entities were noticed by electronic transmission.
NONE.                                                                                                 TOTAL: 0

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
aty*         +Glenn R Heyman, ESQ,   Crane Heyman Simon Welch & Clar,   135 S Lasalle Ste 3705,
               Chicago, IL 60603-4101
                                                                                               TOTALS: 0, * 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Nov 01, 2009**                    **Signature:** *Joseph Speetjens*